NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JENNY GONZALES, *Petitioner/Appellant,*

*v.*

RAYMOND GONZALES, III, *Respondent/Appellee.*

No. 1 CA-CV 25-0856 FC

FILED 08-14-2026

Appeal from the Superior Court in Maricopa County
No. FC2021-053018
The Honorable Julie Ann Mata, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Jenny Quintero, Phoenix
*Petitioner/Appellant*

The Valley Law Group, LLC, Phoenix
By Katelyn R. Morgan
*Counsel for Respondent/Appellee*

1

---

## MEMORANDUM DECISION

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge D. Andrew Gaona joined. Judge Brian Y. Furuya dissented in part.

---

**P E R K I N S**, Judge:

**¶1**         Jenny Quintero ("Mother") appeals the superior court's order modifying legal decision-making authority, parenting time, and child support. As explained below, we vacate the court's significant domestic violence finding and otherwise affirm the order.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**         Mother and Raymond Gonzales ("Father") married in 2015 and have two minor children. The parties divorced in February 2024 and were awarded joint legal decision-making with a parenting-time plan. In July 2024, Mother petitioned to modify legal decision-making authority, parenting time, and child support. Father filed a competing petition to modify legal decision-making authority and parenting time, and to enforce various other provisions of the parenting plan due to Mother's repeated non-compliance.

**¶3**         In August 2025, the court held a hearing addressing the parties' petitions. The court awarded Father sole legal decision-making authority, finding Mother "committed one or more acts of significant domestic violence against Father." The court also found Mother required supervised parenting time and ordered Mother to pay $770 per month for child support. The court also awarded Father $16,839 in attorney fees and costs, finding Mother "acted unreasonably in the litigation" by consistently violating court orders.

**¶4**         Mother timely appealed and we have jurisdiction. Ariz. Const., art. 6, § 9; A.R.S. § 12-2101(A)(2).

## DISCUSSION

**¶5**         Mother argues the court (1) improperly applied the best-interests factors under Arizona Revised Statutes Section 25-403, (2) erroneously awarded Father sole legal decision-making authority,

2

(3) erroneously ordered supervised parenting time, (4) miscalculated child support, and (5) erroneously awarded Father attorney fees.

**¶6**          To begin, we note Mother failed to comply with Arizona Rule of Civil Appellate Procedure ("ARCAP") 13 because she did not include record citations in her opening brief. ARCAP 13(a)(7) (requiring "appropriate references to the portions of the record on which the appellant relies"). We may consider an argument waived if it is "not supported by adequate explanation, citations to the record, or authority." *Ramos v. Nichols*, 252 Ariz. 519, 522, ¶ 8 (App. 2022) (cleaned up). But the children's best interests are at issue, and so we decline to treat Mother's arguments as waived. *Solorzano v. Jensen*, 250 Ariz. 348, 350, ¶ 8 (App. 2020) ("We typically decline to find waiver [when] a child's best interests are at issue.").

## I.     Best Interests Factors

**¶7**          We review legal decision-making authority and parenting-time orders for abuse of discretion. *DeLuna v. Petitto*, 247 Ariz. 420, 423, ¶ 9 (App. 2019). A court abuses its discretion when it "commits an error of law in reaching a discretionary decision or when the record does not support the court's decision." *Id.* We accept the court's explicit and implicit factual findings unless clearly erroneous, *Hoobler v. Hoobler*, 254 Ariz. 130, 141, ¶ 26 (App. 2022), and will not reweigh evidence or determine credibility on appeal, *Vanwormer v. Lopez*, 259 Ariz. 87, 90, ¶ 9 (App. 2025).

**¶8**          When deciding legal decision-making authority and parenting time, the court must consider the children's best interests using factors listed in Section 25-403. *DeLuna*, 247 Ariz. at 423, ¶ 11. In doing so, the court must "make specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child." A.R.S. § 25-403(B).

**¶9**          Mother argues the superior court failed to properly apply these best-interests factors. She contends the court failed to "meaningfully analyze" certain evidence, and made findings inconsistent with the record. And Mother asserts that there is insufficient evidence to support the court's best-interests findings.

**¶10**          In its order, the court listed each factor, made explicit findings, and cited the evidence it relied on. To the extent Mother asks us to reweigh that evidence, we will not do so. We defer to the superior court's "determination of witnesses' credibility and the weight to give conflicting evidence." *Kim v. Pak*, 258 Ariz. 594, 596–97, ¶ 7 (App. 2024). And because

Mother failed to provide us the transcript of the hearing, we assume that it supports the court's findings. *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995).

¶11 The superior court did not abuse its discretion in applying the best-interests factors in Section 25-403.

## II. Significant Domestic Violence

¶12 One best-interests factor the court must consider is whether domestic violence has occurred under Section 25-403.03. A.R.S. § 25-403(A)(8). If the court finds domestic violence occurred, it must then determine whether the domestic violence was "significant." *DeLuna*, 247 Ariz. at 423–24, ¶¶ 11, 15; A.R.S. § 25-403.03(A) (2014). A finding of "significant" domestic violence precludes an award of joint legal decision-making. A.R.S. § 25-403.03(A).

¶13 In reaching its initial domestic violence conclusion, the superior court referenced Mother's testimony, and her adult child's testimony. The court also noted that Father had an active order of protection against Mother. Father petitioned for the order in December 2023 based, in part, on an allegation that Mother hit him in the chest on March 31, 2023, despite knowing he had a stent placed six months earlier in October 2022. This conduct is not included in the Phoenix incident report from March 31, 2023. But the superior court upheld the order after a contested hearing, which means that it concluded Father established by a preponderance of the evidence that Mother had committed domestic violence or may commit domestic violence in the future. Ariz. R. Prot. Ord. P. 38(g)(3).

¶14 Finally, the court's initial domestic violence finding included that "Mother has been arrested and charged with domestic violence." But the three exhibits the court then cited were: Exhibit 18 (a March 31, 2023 City of Phoenix incident report describing an altercation between Mother and Melinda, Father's new wife); Exhibit 26 (a letter to Melinda from the Phoenix Victim Services Unit); and Exhibit 40 (an August 2024 Gilbert police report describing a separate incident between Mother and Melinda). Conduct between Mother and Melinda is not domestic violence. *See* A.R.S. § 13-3601 (domestic violence requires the existence of certain relationships, which do not include this one). And none of these cited exhibits otherwise identify a domestic violence offense. The court's statement that Mother was arrested and charged with domestic violence is thus factually and legally incorrect.

¶15 In sum, the record contains evidence that the court could have relied on when reaching its initial finding that some domestic violence

occurred. But the court's subsequent "significance" determination under Section 25-403.03 cited only the existence of Father's order of protection, the parties' competing allegations of domestic violence, and the denial of Mother's requested order of protection. The court did not explain what act or acts it relied on in reaching its determination. While it did not have to do so, the lack of explanation coupled with the court's earlier error about whether Mother was charged with a domestic violence offense, *supra* ¶ 14, raises concerns.

**¶16** Mother herself inhibited our review by failing to provide us the hearing transcript. As previously noted, when the relevant transcript is absent from the record, we typically assume it contains testimony that "would support the court's findings and conclusions." *Baker*, 183 Ariz. at 73. But we hesitate to make such an assumption here when the court's findings are contradicted, at least in part, by evidence the court explicitly, if erroneously, relied on in reaching its initial domestic violence finding. *See Engstrom v. McCarthy*, 243 Ariz. 469, 474, ¶ 15 (App. 2018) (vacating the superior court's significant domestic violence finding when the court "relied on many acts that do not statutorily constitute domestic violence, and did not explain why Father's actions amounted to 'significant' domestic violence" because this court could not "determine whether the court would have reached the same conclusion had it considered only the acts that legally constituted domestic violence.").

**¶17** As in *Engstrom*, the superior court erred here by finding the existence of significant domestic violence. We vacate that finding and remand the issue back to the superior court for further consideration.

### III. Supervised Parenting Time

**¶18** Mother contends the court erred in ordering her parenting time be supervised because it failed to make the required statutory findings and the record does not support its order.

**¶19** Under Section 25-411(J), "the court shall not restrict a parent's parenting time rights unless it finds that the parenting time would endanger seriously the child's physical, mental, moral or emotional health." Upon making such a finding, the court may impose limited restrictions on the exercise of parenting time, including ordering supervision. *Cruz v. Garcia*, 240 Ariz. 233, 238, ¶ 18 (App. 2016).

**¶20** Here, the court found that unsupervised parenting time "would or could endanger seriously the children's physical, mental, or moral health or would significantly impair the children's emotional

development." *See* A.R.S. § 25-411(J). The court also noted that Mother required assistance during previous supervised visits because the children would run away. And here we assume the missing transcript would support the court's finding under Section 25-411(J). Mother has not shown the court abused its discretion.

## IV. Child Support

¶21 Mother argues the court miscalculated child support by improperly imputing full-time income to her. She also argues the court erred by relying on unsupported and inconsistent evidence.

¶22 We review an award of child support for abuse of discretion. *Sherman v. Sherman*, 241 Ariz. 110, 112, ¶ 9 (App. 2016). When determining child support, the court uses the Arizona Child Support Guidelines ("Guidelines") to calculate "the gross income of both parents to approximate the amount that would have been spent on the children had the family remained intact." *Id.* at 113, ¶ 10. When a parent voluntarily or without reasonable cause reduces her income to below her full earning capacity, the court may impute higher income to her. *Little v. Little*, 193 Ariz. 518, 521, ¶ 6 (1999).

¶23 Here, the court found Mother's monthly income to be $4,082, despite Mother claiming a monthly income of $2,039. Mother admits in her briefing that she voluntarily reduced her work hours to care for the children. But such a reduction in work hours is no longer justifiable given that the children reside exclusively with Father. And while the court did not make an explicit finding in its order addressing why it imputed a higher income to Mother, we assume the missing transcript supports the court's implicit finding that imputing a higher income was warranted. *Baker*, 183 Ariz. at 73; *Hoobler*, 254 Ariz. at 141, ¶ 26. The superior court did not abuse its discretion.

## V. Attorney Fees

¶24 Mother argues the court's award of attorney fees is unsupported and punitive, and the court "failed to meaningfully evaluate financial disparity."

¶25 We review an award of attorney fees for abuse of discretion. *Mangan v. Mangan*, 227 Ariz. 346, 352, ¶ 26 (App. 2011). The court awarded fees under Section 25-324, which states that "after considering the financial resources of both parties and the reasonableness of the positions each party

has taken throughout the proceedings," the court may order one party to pay a reasonable amount of the other party's fees and costs.

¶26 Here, the court first found there was no substantial disparity of financial resources between Mother and Father. Mother asserts "the record reflects that Father has substantially greater earning capacity and financial resources," but it is not our role to reweigh that evidence. *Vanwormer*, 259 Ariz. at 90, ¶ 9. The court also considered the reasonableness of Mother's position, finding she "acted unreasonably in the litigation" by "show[ing] a consistent and flagrant inability to follow Court Orders," leading to "substantial litigation costs." Again, based on this record, the superior court did not abuse its discretion.

## VI.    Attorney Fees and Costs on Appeal

¶27 Father requests his reasonable attorney fees and costs incurred on appeal pursuant to Section 25-324. We have considered the parties' financial resources and the positions taken. We decline to award attorney fees but grant Father's request for costs, subject to his compliance with ARCAP 21.

## CONCLUSION

¶28 We vacate the court's finding of the existence of significant domestic violence and remand that issue to the superior court. We express no opinion on what, if any, proceedings the court should hold on remand. Should the court's reconsideration of the Section 25-403.03 issue impact any of its other findings, the court is of course free to revisit them. But we affirm the remainder of the superior court's September 3, 2025 order.

**F U R U Y A, Judge, dissenting in part:**

**¶29**      As noted above, we will affirm the superior court's explicit and implicit findings as long as they are not clearly erroneous. *Hoobler*, 254 Ariz. at 141 ¶ 26. We also assume that any items an appellant has failed to include in the record, such as transcripts or other documents, that are necessary to our review "would support the court's findings and conclusions." *Baker* 183 Ariz. at 73.

**¶30**      True, the superior court referenced exhibits that document violence between Mother and Father's new wife, Melinda. And I agree that such interactions do not support a finding of significant domestic violence. Thus, the exhibits cited by the court do not appear to expressly support the finding. But "[a] factual finding is clearly erroneous only when, considering the totality of the evidence, the reviewing court 'is left with the definite and firm conviction that a mistake has been committed.'" *Valdez v. Delgado*, 254 Ariz. 495, 499 ¶ 14 (App. 2019) (quoting *State v. Burr*, 126 Ariz. 338, 339 (1980)); *cf. Matter of a Member of State Bar of Arizona*, 259 Ariz. 369, 382 ¶ 37 (2025) (in a disciplinary proceeding, "[f]indings are clearly erroneous if they are not supported by reasonable evidence.") (quoting *In re Alexander*, 232 Ariz. 1, 5 ¶ 11 (2013)).

**¶31**      Here, the exhibits mentioned by the court are not all that the record reveals about what happened during the interactions between Mother and Melinda. For example, as the majority recounts, Father's application for an order of protection states that Mother hit Father in the chest. That document indicates this act occurred during the same March 31, 2023 incident that resulted in Mother's arrest for assaulting Melinda. The same application records another incident occurring on March 17, 2023, where Mother pushed both Melinda *and* Father. And while Mother's acts of violence against Melinda cannot qualify as domestic violence, her acts of violence against Father do. *See* A.R.S. § 13-3601(A)(1) ("relationship between the victim and the defendant is one of . . . former marriage"). I feel this evidence is sufficient to support the court's finding of significant domestic violence. And further, where we do not have the transcripts of the hearings recording Mother's and Father's testimony—which might have shed more light on the court's findings regarding significant domestic violence—we must presume that such testimony would also support the court's findings. *Baker* 183 Ariz. at 73.

**¶32**      As I see it, at most, the court's reference to the unhelpful exhibits creates a possibility that it may have relied on some evidence that

did not, by itself, establish domestic violence. For me, the court's citations to this unhelpful evidence do not establish the "definite and firm conviction that a mistake has been committed," *Valdez*, 254 Ariz. at 499 ¶ 14, that is required to find reversible error. Instead, in examining the record as a whole and considering the totality of the evidence, I cannot say that the court's finding of significant domestic violence was clearly erroneous—particularly given our "duty to affirm where any reasonable view of the fact and law might support the judgment of the family court." *Hoobler*, 254 Ariz. at 141 ¶ 26 (cleaned up).

¶33      Because I believe reasonable evidence in this record—combined with the presumption created by Mother's failure to provide transcripts of the relevant hearings—supports the superior court's finding of significant domestic violence, I would affirm as to this issue as well. Therefore, I respectfully dissent as to this issue only.

¶34      In all other respects, I concur with the majority decision and join in its reasoning and results.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:      JR